## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN GOINS, | ) | Case No. 1:24-cv-00653 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| CORPORAL WINKEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Justin Goins filed suit without a lawyer against a Defendant he identifies only as Corporal Winkel, alleging civil rights violations under the Eighth and Fourteenth Amendments.  Though served, Defendant failed to appear or defend against this lawsuit.  Nor did any representative appear on his behalf.  Plaintiff moves for a default judgment.

## STATEMENT OF THE FACTS

On August 8, 2023, Plaintiff Justin Goins was a pre-trial detainee at the Cuyahoga County jail.  (ECF No. 1, PageID #4; ECF No. 1-1, PageID #14.)  An officer escorted him to his cell in handcuffs when another inmate allegedly stepped out of a shower and blindsided Mr. Goins, assaulting him.  (ECF No. 1-1, PageID #15.) Another officer reported the assault, to which Defendant Corporal Winkel responded. (*Id.*)

Mr. Goins claims that he and the officer who witnessed the assault attempted to explain what happened to Corporal Winkel when he arrived, including that

Mr. Goins was in handcuffs at the time of the incident.  (*Id.*)  However, Mr. Goins claims that Corporal Winkel "wasn't trying to hear anything [he had] to say" and tried to force Mr. Goins back into his cell.  (*Id.*)  Mr. Goins responded by allegedly putting his back against the wall and stating that he was "not locking down until [he could] talk to someone."  (*Id.*)  The officer allegedly tried to explain to Corporal Winkel that he did not have to "spray [Mr. Goins] because [he was] secured."  (*Id.*)  Mr. Goins claims that he tried to move out of Corporal Winkel's reach, which is when Corporal Winkel allegedly sprayed Mr. Goins with mace.  (*Id.*)

Mr. Goins filed a grievance with the jail, which he claimed was "investigated and closed."  (ECF No. 1, PageID #7.)  He claimed he tried to appeal the decision, but got no response.  (*Id.*)

## STATEMENT OF THE CASE

Based on this event, on April 11, 2024, Plaintiff filed a *pro se* complaint against Defendant, raising a claim against him in both his individual and official capacity under 42 U.S.C. § 1983.  Specifically, Plaintiff alleged that Defendant violated his rights under the Eighth and Fourteenth Amendments by using excessive force when Defendant maced Mr. Goins while he was handcuffed.  (ECF. No. 1, PageID #3–4.)

The record reflects that Plaintiff completed service on Defendant on June 12, 2024.  (ECF No. 9.)  Defendant failed to respond to Plaintiff's complaint and has not taken any other action to defend this lawsuit.  Nor has anyone done so on his behalf. On November 8, 2024, the Clerk entered default against Defendant under Rule 55(a) of the Federal Rules of Civil Procedure.  (ECF No. 10.)  On December 13, 2024,

Plaintiff moved for a default judgment under Rule 55(b).  (ECF. No. 13.)  He filed another motion for a default judgment on February 10, 2025.  (ECF No. 20.)

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  On November 8, 2024, the Clerk entered default against Defendant, who failed to answer, appear, or otherwise defend.  (ECF No. 10.)

After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b).  "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(6).  In other words, a default on well-pleaded allegations establishes the defendant's liability, but the plaintiff bears the burden of establishing damages.  *Flynn v. People's Choice Home Loan, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).  "Where damages are unliquidated a default admits only the defendant's liability and the amount of damages must be proved."  *Antoine*, 66 F.3d at 110.

## I.    Liability

Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments.  *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D.

Mich. 2006) (citing *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Although the pleadings and documents *pro se* litigants file are liberally construed and held to less stringent standards than the formal pleadings of lawyers, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff filed his complaint asserting claims under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments for Defendant's use of excessive force. However, the Supreme Court has held, and the Sixth Circuit agrees, "that all excessive force claims should be considered under the Fourth Amendment standard." *Adams v. Metiva*, 31 F.3d 375, 385 (6th Cir. 1994) (citing *Graham v. Connor*, 490 U.S. 386, 394–95 (6th Cir. 1989)). Where excessive force claims are brought under Section 1983, the Sixth Circuit embraces a reasonableness standard, which "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue," and "whether the suspect poses an immediate threat to the safety of the officers or others." *Id.* (quoting *Pleasant v. Zamieski*, 895 F.2d 272, 276 (6th Cir. 1990)).

Although Plaintiff brings his excessive force claim under the Eighth Amendment, the Court liberally construes his claim under the Fourth Amendment instead. Plaintiff alleges that he "wasn't being a threat" and was handcuffed, so the

4

use of mace amounted to an excessive use of force in violation of his constitutional rights. (ECF. No. 1, PageID #3–5.) By virtue of his default, Defendant has admitted the allegations in the complaint, and those allegations are sufficient to establish Plaintiff's claim. Accordingly, Plaintiff is entitled to default judgment as to liability.

## II.  Damages

Where a defendant is in default, the well-pleaded allegations of a complaint as to liability are taken as true, but not as to damages. *Ford Motor*, 441 F. Supp. 2d at 846 (citing *Visioneering Constr.*, 661 F.2d at 124); *National Satellite Sports, Inc. v. Mosley Entm't Inc.*, No. 01-CV-74510-DT, 2002 WL 1303039, at *3 (E.D. Mich. May 21, 2002) (citations omitted) (allegations regarding the amount of damages are not controlling). "[T]he civil rules 'require that the party moving for a default judgment must present some evidence of its damages.'" *IBEW Local Union 82 v. Union Lighting Prot.*, No. 3:11-CV-208, 2012 WL 554573, at *1 (S.D. Ohio Feb. 21, 2012) (quoting *Mill's Pride, L.P. v. W.D. Miller Enters., LLC*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010)).

"The Clerk of Court may enter a default judgment under Rule 55(b)(1) only if the plaintiff's entire complaint and all of the plaintiff's claims are for a sum certain or a sum that can be made certain by computation." *National Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143, at *3 (N.D. Ohio May 10, 2021) (quoting *Van Zeeland Oil Co. v. Lawrence Agency, Inc.*, No. 2:09-cv-150, 2009 WL 10678619, at *2 (W.D. Mich. Sept. 28, 2009)). "A claim for damages under Rule 55(b)(1) 'is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default.'" *Id.* at *2 (quoting *Highway*

5

*Com. Servs., Inc. v. Zitis*, No. 2:07-cv-1252, 2008 WL 4115512, at \*2 (S.D. Ohio Aug. 28, 2008)).

Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages. *Arthur v. Robert James & Assoc. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at \*1 (S.D. Ohio Apr. 3, 2012) (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009)). The Court may rely on affidavits the plaintiff submits in support of damages without the need for a hearing. *Id.* at \*2 (citations omitted).

In support of his motion for default judgment, Plaintiff has submitted affidavits setting out the amount of damages claimed. (ECF No. 11-1; ECF No. 12; ECF No. 13-1; ECF No. 14; ECF No. 20-1.) However, these affidavits are "not conclusive." *Antoine*, 66 F.3d at 110; *see Flynn,* 440 F. App'x at 457 (determining *pro se* plaintiff's submitted documentation did not provide support for the claim of damages). Further, while Plaintiff requested $500,000 in his complaint, the affidavits he has submitted request $250,000. (ECF No. 1, PageID #5; ECF No. 11-1, PageID #56; ECF No. 12, PageID #59; ECF No. 13-1, PageID #62; ECF No. 14, PageID #66; ECF No. 21, PageID #81.) But in no instance has Plaintiff provided any support for this amount of his claimed damages. He has not provided any evidence or documents to support claims for economic loss or non-economic loss. Contrary to what Plaintiff might think, damages in litigation for a tort, even a constitutional tort, do not amount to a lottery ticket. Although a *pro se* plaintiff's filing should be liberally construed, Plaintiff must still establish the extent of his damages. *Antoine*, 66 F.3d

6

at 100 (citing *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc); *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983)); *see Flynn*, 440 F. App'x at 457 (finding district court provided leniency to *pro se* plaintiff's claim on damages).

Based on this record, the Court finds that the record provides no support to enter a default judgment awarding specific damages at this time and that further proceedings are necessary to determine the appropriate amount of damages to award in the judgment. Because Mr. Goins represents himself in this matter, the Court will afford him one additional opportunity to substantiate his damages. To do so, pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(a), and Local Rule 72.1, the Court **REFERS** this matter to the Magistrate Judge for such further proceedings as are necessary to determine damages and such other matters as might be appropriate or arise in working toward that determination. The Magistrate Judge will determine what additional proceedings and submissions might be appropriate. Unless and until the Magistrate Judge does so, the Court **ORDERS** Plaintiff to make no further filings.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's motion for default judgment as to liability and **REFERS** this matter to the Magistrate Judge for such further proceedings as are necessary.

**SO ORDERED.**

Dated:  February 14, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio