IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUSTIN GOINS,<br><br>    Plaintiff,<br><br>vs.<br><br>CORPORAL WINKEL,<br><br>    Defendant. | CASE NO. 1:24-cv-653<br><br>DISTRICT JUDGE<br>J. PHILIP CALABRESE<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT AND RECOMMENDATION** |

On February 14, 2025, the Court entered default judgment against Defendant Corporal Winkel on pro se plaintiff Justin Goins's excessive force claims. Tr. 21. The Court did so after determining that Winkel failed to respond to Goins's complaint and that neither Winkel nor anyone on his behalf had taken any action to defend this lawsuit. Doc. 7, at 2. The Court referred to me this case "for further proceedings as are necessary to determine damages and such other matters as might be appropriate or arise in working toward that determination." Doc. 21, at 7.

On March 12, 2025, Winkel filed under Federal Civil Procedure Rule 60(b) a Motion for relief from judgment. Doc. 23. For the following reasons, I recommend that the Court grant Winkel's Motion and vacate its Order granting default judgment against Winkel.

**Background facts alleged in the complaint**[1]

In August 2023, Goins was a pretrial detainee housed at the Cuyahoga County Corrections Center. Doc. 1 at 4. Goins claims that while he was being escorted, handcuffed, to his cell, he was assaulted by another prisoner. Doc. 1-1, at 3–4. The escorting officer, Vasquez, immediately reported the assault and called for a "response officer." *Id*. at 4. Defendant Winkel responded to the call and met Goins, still handcuffed, and Vasquez in the hallway. *Id*.

A discussion ensued. *Id*. Goins complains that Winkel "wasn't trying to hear anything I have to say" and "using poor communication skill[s] as a corporal." Doc. 1-1, at 4. Goins was being forced back into his cell—by Vasquez or Winkel, it isn't clear—and threatened with mace. *Id*. "So [Goins] put [his] back against the wall and said [he's] not locking down until [he] talk[s] to someone." *Id*. Winkel "tried to force [Goins] in to the cell"; Goins "tried to move out [of] his reach"; and Winkel "sprayed [Goins] with mace with handcuffs on." *Id*.

Goins brought an excessive force claim under 28 U.S.C. § 1983 against Winkel in his individual and official capacities. Doc. 1, at 2–3. Goins provided the Court with one summons—for Winkel, Doc. 1-3—which issued in June 2024, Doc. 6. In November the United States Marshal filed a Return of Service

---

[1] Goins filed a Complaint, Doc. 1, and a verified "Additional Complaint Document," Doc. 1-1.

2

indicating that service of the summons and complaint was executed on Winkel on June 12.[2] Doc. 9.

The day that notice of executed service was filed, the Court observed that under Federal Civil Procedure Rule 12(a)(1)(A)(i), "the time for Defendants to answer, move, or otherwise respond to the complaint has long since passed, and Defendants have failed to plead or otherwise defend." Doc. 10, at 1. The Court therefore ordered (1) the Clerk to enter default against Winkel and (2) Goins to apply under Federal Rule of Civil Procedure 55(b) for default judgment. *Id*. The Clerk entered default, and Goins filed three motions for default judgment. Docs. 11, 13, 20.

In February, the Court granted Goins's motions as to liability, and referred to me this case "for further proceedings as are necessary to determine damages and such other matters as might be appropriate or arise in working toward that determination." Doc. 21, at 7. In March, I issued a briefing order instructing Goins to demonstrate his damages. Doc. 22. The next day, Winkel filed a Motion for relief from judgment, asking the Court to vacate its Order granting Goins default judgment as to liability. Doc. 23.

**Legal Standard**

Federal Civil Procedure Rule 55(c) provides that a court may set aside an entry of default for good cause, and a final default judgment in accordance

---

[2] Because Goins has in forma pauperis status, the United States Marshal served the summons and complaint. *See* Local Rule 4.1(a).

3

with Rule 60(b). Fed. R. Civ. P. 55(c). A party who files a Rule 60(b) motion must meet the standard in both rules to prevail. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). To evaluate "good cause" under Rule 55(c), a court considers three factors: whether (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) the defendant's "culpable conduct" led to the default. *United Coin Meter*, 705 F.2d at 845 (citation omitted). Rule 60(b), in turn, permits a court to set aside a default judgment if one of the following is present: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b)(1)–(6).

**Discussion**

Winkel contends that he can demonstrate two of the Rule 60(b) factors—a void judgment under (b)(4), and excusable neglect under (b)(1). Doc. 23, at 4–12.

*1. Rule 60(b)(4)*

Winkel argues that Goins failed to properly serve him, rendering the judgment against him void under Rule 60(b)(4). Doc. 23, at 4. Section (b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Willie McCormick & Assocs.,*

4

*Inc. v. Lakeshore Eng'g Servs., Inc.*, No. 23-1431, 2024 WL 4765219, at *2 (6th Cir. July 2, 2024) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)); *see also Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) ("In the absence of 'proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant,' …. And without personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'") (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)).

Winkel argues that Goins failed to properly serve him under the federal and Ohio rules of civil procedure. Doc. 23, at 4–7. Federal Civil Procedure Rule 4(e) lists the ways an individual may be served:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

5

Winkel submits that the United States Marshal did not deliver the summons and complaint to him personally, leave a copy at his dwelling place, or deliver it to an agent authorized by law to accept service. Doc. 23, at 5; *see* Rule 4(e)(2)(A)–(C). But the United States Marshal delivered the summons and complaint to the jail where Winkel works, and a jail employee signed for it. Doc. 9. This is sufficient service under Rule 4(e) when a pro se prisoner sues a prison employee. *See Mustin v. Guiller*, 563 F. Supp. 3d 715, 720–21 (N.D. Ohio 2021) (holding that under Rule 4(e), a pro se prisoner's service on prison employees using the prison address was sufficient; "Courts have routinely acknowledged the security concerns inherent in providing inmates with the personal addresses of prison employees for service of complaints" (collecting cases)).[3] Indeed, Winkel concedes that he received the summons and complaint in his jail mailbox, which he checks weekly, and that he was aware of this lawsuit. Doc. 23-1, at 1–2. So Winkel has not shown that the judgment against him in his individual capacity is void under Rule 60(b)(4).

Winkel's next argument rests on firmer ground. Winkel argues that because Goins also sued Winkel in his official capacity, Goins was required under Federal Civil Procedure Rule 4(j) to serve Cuyahoga County. Doc. 23, at 7. And because Goins only attempted service on Winkel, Winkel asserts, the judgment against him in his official capacity is void under Rule 60(b)(4). *Id.*

---

[3] The return of executed service in *Mustin* showed that it was delivered via Fed Ex and signed by someone at the prison. *See* Case No. 3:20-cv-755, Doc. 18 (filed November 30, 2020). This is what happened here. *See* Doc. 9.

6

"[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). So to serve Winkel in his official capacity, Goins has to comply with Rule 4(j). *See Libertarian Party v. Wilhem*, 417 F. Supp. 3d 982, 985 (S.D. Ohio 2019) (collecting cases); *see also Palomino v. Cuyahoga Cnty.*, No. 1:21-cv-2139, 2022 WL 3542501, at *2 (N.D. Ohio Aug. 18, 2022) (citing *Cleary v. City of Hudson*, No. 5:12-cv-1943, 2013 WL 5557394, at *2 (N.D. Ohio Oct. 7, 2013)).

Federal Civil Procedure Rule 4(j)(2) provides that a state-created governmental organization must be served either "by delivering a copy of the summons and of the complaint to its chief executive officer," or following the relevant state law procedure for serving such a defendant. Fed. R. Civ. P. 4(j)(2). Ohio rules of civil procedure says that service on a county entity is made by "serving the officer responsible for the administration of the office, agency, district, department, institution or unit or by serving the prosecuting attorney of the county." Ohio Civ. Rule 4.2(L). Goins hasn't done any of these things—he only provided a summons for service on Winkel at the jail address. So Cuyahoga County has not been served in this lawsuit.

I therefore recommend that the Court grant under Rule 60(b)(4) Winkel's Motion for relief from judgment of default as to the claim against Winkel in his official capacity. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("If the underlying judgment is void, it is a *per se* abuse of

7

discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)"); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2862 (3d ed. 2025).

 *2. Rule 60(b)(1)*

 Next, Winkel argues that under Rule 60(b)(1), he is entitled to relief in his individual and official capacities because his failure to respond to the complaint was due to excusable neglect. Doc. 23, at 9; *see* Fed. R. Civ. P. 60(b)(1) ("the court may relieve a party ... from a final judgment [or] order" based on "excusable neglect."). Rule 60(b)(1) is:

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)).

 Winkel explains that he was sued in an earlier case in which Cuyahoga County was also named as a defendant. Doc. 23, at 10; Doc. 23-1, at 2 ¶¶15, 16. Winkel was sued in his individual capacity in that case. *See Bottum v. Cuyahoga County et al.*, Case No. 1:20-cv-288, Doc. 1, at 4 (N.D. Ohio filed Feb. 7, 2020). The county's attorney agreed to waive service and timely filed responsive pleadings for Winkel, Cuyahoga County, and fifteen other jail employees. Doc. 23, at 10; *see Bottum*, 1:20-cv-288. So when Winkel received the summons and complaint in this case, he "assumed that the matter would

8

be handled on [his] behalf by [his] statutory legal counsel" and that "[his] statutory counsel would contact [him] if they needed anything related to the lawsuit." Doc. 23-1, at 2, ¶¶12, 13. Winkel was "unaware that [his] statutory counsel had not been notified of the lawsuit." *Id*. at ¶14. After Winkel received this Court's February 14, 2025 Order granting Goins's motion for default judgment, he "promptly [notified] [his] statutory counsel to advise them of the situation."[4] *Id*. at ¶17. And on March 12, 2024, Cuyahoga County's attorney filed on Winkel's behalf this Motion for relief from judgment. Doc. 23.

I recommend that the Court find that Winkel's explanation describes "an excusable litigation mistake," *see Cacevic*, 226 F.3d at 490, sufficient to show under Rule 60(b)(1) "excusable neglect," *see United Coin Meter*, 705 F.2d at 845 ("Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b) liberally").

That leaves the remaining two *United Coin Meter* factors: a meritorious defense and a lack of prejudice to Goins. *See Burrell v. Henderson*, 434 F.3d 826, 831, 834 (6th Cir. 2006) (explaining that the *Union Coin Meter* culpability factor overlaps with Rule 60(b)(1)'s mistake, inadvertence, surprise, or excusable neglect requirement).

---

4     I note that the Court sent Winkel a copy of its November 8, 2024 Order instructing the Clerk to enter default and inviting Goins to apply for default judgment. *See* Doc. 10.

9

A defense is meritorious if "'there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Burrell*, 434 F.3d at 834 (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Id.* (quoting *United Coin Meter*, 705 F.2d at 845).

Winkel argues that Goins's "actions during the incident necessitated the use of force" and that Winkel "only used force after [Goins] assaulted and injured him, and the force used was reasonable under the circumstances." Doc. 23, at 13. This generic description of events seems different than the event that Goins describes. *See* Doc. 1-1, at 4. But Goins's own factual allegations show that he resisted Winkel's order to return to his cell. *See id.* (Goins explaining that he was told to return to his cell but he "put [his] back against the wall" and refused, prompting "Corporal Winkel [to] tr[y] to force me in to the cell [Goins] tried to move out of his reach and he sprayed [Goins] with mace with handcuffs on.").

Winkel's claim that the force he used was reasonable under the circumstances is "good at law," and there is "*some possibility*" that the outcome of this case "will be contrary to the result achieved by the default." *See Burrell*, 434 F.3d at 834 (citations omitted); *see e.g., Leath v. Webb*, 323 F. Supp. 3d 882, 901 (E.D. Ky. 2018) ("handcuffing alone does not prevent a suspect from resisting or posing a threat to officers"; "[a]t some point, in response to defiance

10

and belligerence, officers are entitled to 'preserve internal order and discipline'"; and "the amount of force an officer uses cannot be detached from the situation; circumstances matter."). And because "'trials on the merits are favored in federal courts, … any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 795 (6th Cir. 2002) (quoting *Union Coin Meter*, 705 F.2d at 846, in turn quoting *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)). In short, Winkel has shown that he has a meritorious defense.

Finally, Goins will not be prejudiced if the judgment is vacated. Winkel filed his Rule 60(b) Motion on March 12, 2025, less than a month after the Court granted Winkel default judgment. So there has not been excessive delay. Even if the Court looks back to November 8, 2024, the date that default was entered, "mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *Weiss*, 283 F.3d at 795. I therefore recommend that the Court grant Winkel's Motion under Rule 60(b)(1) for relief from judgment of default as to the claim against Winkel in his individual and official capacities.

**Conclusion**

For all of these reasons, I recommend that the Court grant Winkel's Rule 60(b) Motion, Doc. 23, and vacate the judgment against Winkel. In light of this recommendation, I further recommend that the Court deny as moot Goins's Motion for damages, Doc. 25.

Dated: April 28, 2025

  */s/ James E. Grimes Jr.*
  James E. Grimes Jr.
  U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).