# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN GOINS, | ) | Case No. 1:24-cv-00653 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| CORPORAL WINKEL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| JUSTIN GOINS, | ) | Case No. 1:25-cv-01448 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| CORPORAL WILLIAM WINKEL, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Justin Goins seeks to consolidate these cases and amend the complaint.  For the reasons explained below, based on the motion, for good cause, and without objection from Defendants, the Court **GRANTS** the motion and consolidates Case No. 1:24-cv-00653 and Case No. 1:25-cv-01448.  Further, for good cause shown, and without objection from Defendants, the Court **GRANTS** Plaintiff's motion for leave to amend.  Also, based on the parties' status report, the Court sets the case management plan and scheduling order.

## BACKGROUND

On April 11, 2024, Plaintiff Justin Goins filed suit without a lawyer against Defendant Corporal William Winkel, alleging civil rights violations under the Eighth and Fourteenth Amendments. *Goins v. Winkel*, 1:24-cv-00653 (N.D. Ohio) ("*Goins I*"). On February 14, 2025, the Court entered a default judgment as to liability. (*Goins I*, ECF No. 21.)  On April 28, 2025, the Magistrate Judge entered a report and recommendation that the Court vacate the default judgment. (*Goins I*, ECF No. 27.) On May 22, 2025, the Court appointed counsel to represent Plaintiff. (*Goins I*, ECF No. 32.)

According to Plaintiff's counsel, he had difficulty getting in contact with Plaintiff because the correctional institution did not notify Plaintiff that his new counsel was attempting to contact him. (*Goins I*, ECF No. 35, PageID #159.)  On July 10, 2025, Plaintiff and his counsel spoke on the phone. (*Id.*)  However, Plaintiff had already filed a new action against Corporal Winkel and Defendant Cuyahoga County Correctional Center, which included additional allegations. *Goins v. Winkel et al.*, 1:25-cv-01448 (N.D. Ohio) ("*Goins II*").

On July 16, 2025, Plaintiff filed an unopposed motion to consolidate both cases and to file an amended complaint. (*Goins I*, ECF No. 35; *Goins II*, ECF No. 3.)  Also, the parties filed a joint status report, indicating that the parties conferred on July 15, 2025 regarding plans for discovery and proposing a case schedule. (*Goins I*, ECF No. 34.)

2

## ANALYSIS

### I. Consolidation

Rule 42(a) governs motions to consolidate and provides that courts may consolidate actions involving a common question of law or fact.  *See* Fed. R. Civ. P. 42(a)(2); *see also, e.g.*, *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993).  "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court."  *Cantrell*, 999 F.3d at 1011 (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)).

In deciding whether to consolidate, a district court first considers whether a common question of law or fact exists in both actions.  *See Weir-Cove Moving & Storage Co. v. Fleet Owners Ins. Fund*, Nos. 1:18-cv-74 & 1:17-cv-1413, 2019 WL 266422, at *2 (N.D. Ohio Jan. 18, 2019) (noting that this determination is a "threshold requirement" for consolidation).  If a common question exists, then the court balances the factors identified in *Cantrell*:  the risks of prejudice and possible confusion, weighed against "the risk of inconsistent adjudications," the burden on the parties, "witnesses and available judicial resources posed by multiple lawsuits," the time required to conclude multiple suits as opposed to just one, and the expense to "all concerned of the single-trial, multiple-trial alternatives."  999 F.3d at 1011 (quotation omitted) (citing *Hendrix. v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (discussing consolidation of asbestos cases)).  "Thus, the decision to consolidate is one that must be made thoughtfully, with specific reference to the factors above."  *Innovation Ventures, L.L.C. v. Custom Nutrition Labs., L.L.C.*, 451 F. Supp. 2d 769, 793–94 (E.D. Mich. 2020) (citation and quotation omitted).

Based on a review of the complaints in each matter, it is clear that these cases present common questions of law and fact.  (*Compare Goins I*, ECF No. 1, *with Goins II*, ECF No. 1.)  Each action claims excess force in violation of Plaintiff's constitutional rights.  Similarly, each case involves the same operative facts.  (*See id.*)  In *Goins II*, the primary additions involve (1) a claim that the same incident allegedly violated Plaintiff's rights under the Fourth Amendment in addition to those under the Eighth and Fourteenth Amendments; (2) additional allegations that Mr. Goins was placed in a restraint chair for two hours following the mace incident; and (3) the addition of a Defendant, the Cuyahoga County Correctional Center.  (*Goins II*, ECF No. 1.)

Beyond this commonality, the factors *Cantrell* sets forth favor consolidation. The risk of inconsistent adjudications outweighs any prejudice or possible confusion. Each case involves similar claims.  With little, if any, risk of confusion or prejudice the efficiencies of consolidation for the parties and the Court carry the day and will simplify these proceedings.

For these reasons, and after careful consideration of the factors identified in *Cantrell*, the Court **GRANTS** the motion to consolidate (*Goins I*, ECF No. 35; *Goins II*, ECF No. 3) and **ORDERS** that the action styled as *Goins v. Winkel*, No. 1:25-cv-01448 be **CONSOLIDATED** into the earlier filed case, *Goins v. Winkel*, No. 1:24-cv-00653.

## II.   Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure directs courts to give leave to amend freely.  Fed. R. Civ. P. 15(a)(2).  District courts, "'generally speaking, [have] considerable discretion in deciding whether to grant' a Rule 15(a)(2) motion." *Stark*

*v. Mars, Inc.*, 790 F. Supp. 2d 658, 662 (S.D. Ohio 2011) (quoting *Leisure Caviar, LLC v. United States Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).  "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Id.* (quoting *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010)).

Plaintiff filed his complaints in both actions without a lawyer.  (*Goins I*, ECF No. 1; *Goins II*, ECF No. 1.)  In the first action, the Court appointed counsel to represent Plaintiff.  (*Goins I*, ECF No. 32.)  Plaintiff requests leave to file an amended complaint to clarify the allegations and claims that he assertsand to bring a *Monell* claim.  (*Goins I*, ECF No. 35; *Goins II*, ECF No. 3.)  For good cause shown, and without objection from Defendants, the Court **GRANTS** Plaintiff's motion for leave to amend.  (*Goins I*, ECF No. 35; *Goins II*, ECF No. 3.)  The Court **ORDERS** Plaintiff to file an amended complaint that complies with this Order and its Civil Standing Order no later than August 8, 2025.

## III.  Case Management Plan and Scheduling Order

Pursuant to the parties' joint status report (*Goins I*, ECF No. 34), the Court sets the following case management plan and scheduling order:

1.     Under Local Rule 16.2, this case is assigned to the standard track.

2.     Under Local Rule 16.4, this case was not referred to Alternative Dispute Resolution at this time.

3.     Currently, the parties do not consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

4. Under Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1, the schedule for this matter will proceed as follows:

> Fact Discovery Deadline: December 30, 2025

5. The next status conference is scheduled for November 3, 2025 at 2:00 pm and will be held by Zoom. The Courtroom Deputy will email counsel with instructions to participate in the conference. At the status conference, the Court will discuss the balance of the schedule with counsel for the parties.

7. Pursuant to Rule 502(d) of the Federal Rules of Evidence, a disclosure of a communication or information covered by the attorney-client privilege or work-product protection made in connection with this litigation shall not constitute a waiver of that privilege or protection in this or any other federal or State proceeding.

**The Court's Standing Order**

The Court incorporates its Civil Standing Order here and refers the parties to it, particularly with respect to the participation of younger lawyers. The standing order is available on Judge Calabrese's page on the Northern District of Ohio's website and will be updated from time to time. Counsel should also familiarize themselves with the Local Rules regarding briefing, motions and memoranda, and discovery requirements. During the course of litigation, any questions or concerns regarding any aspect of this case should be directed to (216) 357-7265.

**Discovery Disputes and Materials**

The Court expects parties to make all reasonable efforts to resolve discovery disputes among themselves, as Rule 37(a)(1) requires. Generally, such efforts require

conferring by telephone, not simply by email.  Before filing any discovery motion (motion to compel, motion to quash, motion for protective order, etc.), the parties should advise the Court, which will handle the matter according to the procedure in Local Rule 37.1(a).  The Court orders that no party may file any discovery motion without first personally conferring and exhausting the procedures in Local Rule 37.1(a).

Without leave of Court, no discovery materials shall be filed, except as necessary to support motions.  If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts.  The Court will not consider factual allegations or arguments relying on the record that do not cite specific pages in the record or that are unsupported by the record citation provided.

**Electronic Filing**

This case is subject to mandatory electronic filing pursuant to Local Rule 5.1(c).  If not already done, all counsel must complete Attorney Registration Forms and return them to the Clerk of Court as soon as possible so that attorney user accounts can be established.  An Attorney Registration Form is in the Policies and Procedures Manual.  In addition, counsel can easily register online at: https://www.ohnd. uscourts.gov/attorney-registration-change-nameaddress-primary-email.

A *pro se* litigant (a party who does not have a lawyer) may register to receive a "read only" electronic filing account so that he/she may access documents in the system and receive electronic notice, but all of his or her filings must be completed

manually, as typically only registered attorneys, as Officers of the Court, are permitted to file electronically.

Only counsel of record will be notified of court proceedings. Moreover, both counsel and *pro se* litigants have an affirmative duty to notify the Court of any change in address and/or other contact information. Counsel shall follow the instructions for updating contact information via the procedures set forth on the Court's public website. *See* Attorney Registration Change of Name/Address instructions set forth at www.ohnd.uscourts.gov. *Pro se* litigants shall file a written notice of change of address with the Court.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to consolidate (*Goins I*, ECF No. 35; *Goins II*, ECF No. 3) and **ORDERS** that the action styled as *Goins v. Winkel*, No. 1:25-cv-01448 be **CONSOLIDATED** into the earlier filed case, *Goins v. Winkel*, No. 1:24-cv-00653. Further, the Court **GRANTS** Plaintiff's motion for leave to amend (*Goins I*, ECF No. 35; *Goins II*, ECF No. 3.) and **ORDERS** Plaintiff to file an amended complaint that complies with this Order and its Civil Standing Order no later than August 8, 2025. The Court sets December 30, 2025 as the discovery cut off and schedules a status conference on November 3, 2025 at 2:00 pm by Zoom.

**SO ORDERED.**

Dated:  July 19, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio